## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cr-30153-DWD** |
| | ) | |
| **RICHARD SCOTT MYERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

On November 20, 2024, Defendants were charged in a thirteen Count indictment. (Doc. 1). Count One charges Defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Counts Two and Three charge Defendants with wire fraud in violation of 18 U.S.C. § 1343. Count Four charges Myers and Howard with making a false statement in violation of 18 U.S.C. § 1001(a)(2). Count Five charges Myers with engagement in monetary transaction in fund derived from specified unlawful activity in violation of 18 U.S.C. § 1957. Counts Six, Seven and Eight charge Myers with bankruptcy fraud in violation of 18 U.S.C. § 152(3). Count 9 charges Howard with bankruptcy fraud in violation of 18 U.S.C. § 152(3). Count 10 charges Howard with bankruptcy fraud in violation of 18 U.S.C. § 152(2). Counts 11, 12, and 13 charge Howard with willful failure to pay over taxes in violation of 26 U.S.C. § 7202.

Defendants have filed a joint motion requesting that this Court find this case to be complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). In support thereof, the

motion explains that Defendants are charged in a lengthy indictment alleging numerous offenses, including a conspiracy involving all Defendants. Counsel have received initial discovery which is extremely voluminous. Additionally, Defendants contend that the case presents novel questions of law and fact. The Government concurs with this assessment.

Under most circumstances, the Speedy Trial Act requires that trials commence "within seventy days from … the date the defendant has appeared before a judicial officer of the court in which [a] charge is pending." 18 U.S.C. § 3161(c)(1). The seventy-day period can be tolled for a variety of reasons, including where the Court finds that the ends of justice so require because a case is so unusual or so complex that adequate preparation cannot reasonably occur within the established time limits. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

Based on the Parties' representations and pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court **FINDS** that this case is so unusual or so complex due to the number of defendants, the nature of the charges, and the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself to occur within the time limits established by 18 U.S.C. § 3161. The Court further **FINDS** that the ends of justice served by allowing additional time to conduct pretrial proceedings and to prepare for trial outweigh the best interest of the public and the defendants in a speedy trial.

For all these reasons, the Court **GRANTS** the Defendants' motion for designation of matter as a complex case (Doc. 51). The previously set pretrial motion deadlines and

2

jury trial dates are **VACATED** and will be **CONTINUED** by approximately seven months.[1] The period of delay resulting from this continuance shall be excluded for purposes of the Speedy Trial Act. The Court will enter a separate order resetting the final pretrial motion deadline and the trial setting.

     **SO ORDERED.**

     Dated: March 19, 2025

_____
DAVID W. DUGAN
United States District Judge

---

[1] Defendants indicate that the case should be continued until, at least, the Fall of 2025.

3