**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 24-CR-30153 |
| | ) |
| DANA C. HOWARD, RICHARD | ) |
| SCOTT MYERS, and GLENN | ) |
| SUNQUIST, | ) |
| | |
| Defendants. | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Dana C. Howard's Motion to Sever

Unrelated Tax Count. (Doc. 71). Howard moves under Federal Rules of Criminal

Procedure 8 and 14 to sever Counts 11, 12 and 13 of the Indictment from the remaining

counts of the Indictment and to order them tried separately.  The United States has filed

a response in opposition. (Doc. 91). The Court heard oral argument from the parties on

May 14, 2026. For the reasons that follow, the Motion to Sever is **GRANTED**.

### I.    BACKGROUND

On November 20, 2024, Howard, Myers, and Glenn Sunquist were named as co-

defendants in a 13-count indictment. According to the indictment, Howard and Myers

were co-owners of Zoie LLC ("Zoie") and Zade Trucking ("Zade"). Sunquist was an

employee hired to handle bookkeeping for the businesses.

The indictment alleges that, beginning in approximately April 2020, Howard and

Myers conspired to defraud the United States and the Small Business Administration.

They allegedly obtained a Paycheck Protection Program ("PPP") loan of approximately

$1.426 million through false representations and then misused and diverted the loan proceeds. Specifically, Howard and Myers are accused of participating in a scheme to secure and misuse the PPP funds and to conceal their use of those proceeds through various financial transactions and bankruptcy filings. The defendants allegedly prepared and executed the PPP loan application and related certifications, received the funds into accounts controlled by their companies, converted the proceeds into cashier's checks and other transfers, and later submitted requests for loan forgiveness while hiding how the money had actually been used. The indictment further claims that both Howard and Myers initiated bankruptcy proceedings while still in possession of PPP-derived funds and made false statements in those proceedings concerning their assets and bankruptcy status.

The charges are as follows: Counts 1 through 3 charge all three defendants with conspiracy to commit wire fraud (18 U.S.C. § 1349) and wire fraud (18 U.S.C. § 1343). Count 4 charges Howard and Myers with making a false statement (18 U.S.C. § 1001(a)(2)). Count 5 charges Myers with engaging in a monetary transaction involving funds derived from specified unlawful activity (18 U.S.C. § 1957). Counts 6 through 8 charge Myers with bankruptcy fraud under 18 U.S.C. § 152(3) (Counts 6 and 7) and § 152(2) (Count 8). Counts 9 and 10 charge Howard with bankruptcy fraud under 18 U.S.C. § 152(3) (Count 9) and § 152(2) (Count 10). Finally, Counts 11 through 13 charge Howard with willful failure to pay over Federal employee withholding taxes ("FICA" taxes) for three quarters in 2020. (26 U.S.C. § 7202).

Defendant contends that Counts 1-10, the "Loan Counts", are not properly joined under Rule 8(a) with Counts 11-13, the "Tax Counts", and that whether these offenses are properly joined under Rule 8(a) must be determined solely from the face of the indictment. In the alternative, Defendant seeks relief from prejudicial joinder under Federal Rule of Criminal Procedure 14.

The Government contends that joinder of the Tax Counts with the Loan Counts is proper under Rule 8(a), and that severance is not warranted under Rule 14, because the indictment describes a single course of financial conduct involving the same companies, the same time-period, and the same financial records. It further argues that joinder under Rule 8(a) is appropriate because the same evidence will be used to prove multiple counts, and that severance is not warranted for the same reason. Finally, without citation to supporting legal authority, the Government asserts that courts evaluating joinder under Rule 8(a) focus on whether the charged conduct forms a connected narrative provable through substantially the same evidence.

## II.    Applicable Law

Federal Rule of Criminal Procedure 8(a) permits the government to charge multiple offenses in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CIV. P. 8(a). While Rule 8(a) is to be broadly construed to promote judicial efficiency and avoid duplicative trials, *United States v. Freland*, 141 F.3d 1223, 1226 (7th Cir. 1998), joinder is not unlimited. If joinder is proper under Rule 8(a), Rule 14(a) authorizes severance when joinder would prejudice the

3

defendant or the government. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). The decision to grant or deny severance lies within the sound discretion of the trial court. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000).

### III.    Discussion

As an initial matter, the Court rejects the contention that the joinder analysis turns on "whether the charged conduct forms a connected narrative provable through substantially the same evidence." (Doc. 92, pg. 3). Instead, the "vast majority of caselaw in this circuit supports the rule that whether offenses can be properly joined under Rule 8(a) is determined solely by what is said in the indictment, not the overlap of evidence that would be used to prove each charge at trial." *United States v. Lakin*, No. 07-CR-30068-JPG, 2007 WL 3231522, at *2 (S.D. Ill. Oct. 31, 2007) (collecting cases). *See* e.g., *United States v. Coley*, 137 F.4th 874, 883 (7th Cir. 2025) ("In determining whether joinder was proper, we look solely to the face of the indictment, comparing the offenses charged for categorical, not evidentiary, similarities.") (internal quotation omitted); *United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013) ("[I]n assessing whether joinder was proper, we look solely to the face of the indictment and not to the evidence adduced later at trial.") (quoting *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003)); *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998) ("In assessing the propriety of joinder under this rule, we look solely to the face of the government's indictment and not to any evidence ultimately presented at the defendant's trial."); *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995) ("The indictment itself offers nothing more from which one might permissibly infer

a connection between the two criminal acts—and it is the face of the indictment on which we must focus in deciding whether the charges were properly joined.").[1]

In the instant case, the indictment does not support joinder of the Tax Counts and the Loan Counts under any of Rule 8(a)'s three permissible grounds.

First, the offenses are not of the same or similar character. The "same or similar character" prong requires only "categorical, not evidentiary, similarities." *Berg*, 714 F.3d at 495 (quoting *Coleman*, 22 F.3d at 133). The Tax Counts charge willful failure to pay over employment taxes—an offense arising from the statutory duty to withhold and remit taxes from employee wages. By contrast, the Loan Counts charge affirmative fraudulent conduct: obtaining a PPP loan through false representations, diverting and concealing the proceeds through financial transactions, and making false statements in connection with loan forgiveness and bankruptcy proceedings. These offenses are categorically distinct. While the Tax Counts involve regulatory tax-compliance obligations, the Loan Counts center on deceit in loan applications and bankruptcy filings. The face of the indictment reveals no categorical overlap that would justify joinder under this prong.

Second, the indictment does not indicate that the Loan Counts and the Tax Counts are based on the same act or transaction or that they are connected with or part of a common scheme or plan. Joinder under the "same act or transaction" prong requires a "logical relationship" between the offenses. *United States v. Woody*, 55 F.3d 1257, 1267 (7th Cir. 1995). A logical relationship exists when one charge serves as a "logical precursor"

---

[1] *But see United States v. Nettles,* 476 F.3d 508, 516 (7th Cir.2007) (without citing to conflicting precedent, looking to government's theory of the case and evidence at trial to find joinder proper under Rule 8(a)).

for the other. *Id.* Similarly, multiple charges comprise a "common scheme or plan" when one charge is directly related to the other. Such as, when one charge provides the impetus for the other. *See United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996) (observing that the "common scheme or plan" basis "is often used to join false statement claims with tax fraud charges where the tax fraud involves failure to report specific income obtained by the false statements").

Here, the Loan Counts center on a scheme involving false statements to obtain and misuse loan funds, along with false statements in subsequent bankruptcy proceedings. The Tax Counts allege separate failures to remit withholding taxes in the ordinary course of business. These are distinct acts with no logical relationship. The indictment contains no allegations that the Loan Counts served as a logical precursor to the Tax Counts (or vice versa). The Tax Counts do not incorporate the paragraphs describing the Loan Counts, and the Loan Counts are silent as to any tax violations. There is no pleaded connection between the tax failures and the loan or bankruptcy conduct. This case is distinguishable from decisions in which tax charges were properly joined because they arose directly from the fraudulent activity charged elsewhere. In *United States v. Anderson*, 809 F.2d 1281, 1288 (7th Cir. 1987), tax evasion was joined where it involved failure to report income generated by the misconduct charged in the other counts. Here, the withholding-tax obligations existed independently of the PPP loan and bankruptcy proceedings. The government does not allege that the tax violations involved unreported income from the loan fraud or that the fraud scheme generated funds that should have satisfied tax liabilities in a manner linking the charges.

6

Instead, the instant case is analogous to *United States v. Creamer*, 370 F. Supp. 2d 715, 729–31 (N.D. Ill. 2005), opinion vacated in part on reconsideration, No. 04 CR 281 - 1, 2006 WL 2037326 (N.D. Ill. Apr. 4, 2006), and *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996), where tax counts were misjoined with fraud or false-statement charges because the indictment itself revealed no logical link between the independent counts.

For these reasons, the Court finds that the Tax Counts (Counts 11-13) are not properly joined with Loan Counts (Counts 1-10). As a consequence, the Tax Counts must be tried separately from the Loan Counts. The motion to sever (Doc. 71) is therefore **GRANTED**. The Court will address the scheduling of the separate trials at the status conference, currently scheduled for June 1, 2026. Because the Court has found that joinder is improper under Rule 8(a), there is no need to address Defendant's arguments with respect to severance under Rule 14.

**SO ORDERED.**

Dated: May 22, 2026

DAVID W. DUGAN
United States District Judge