IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-CR-30153 |
| | ) | |
| DANA C. HOWARD, RICHARD | ) | |
| SCOTT MYERS, and GLENN | ) | |
| SUNQUIST, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dana Howard's motion to sever his case from that of his codefendant Richard Scott Myers pursuant to Federal Rule of Criminal Procedure 14(a). (Doc. 70). The United States has filed a brief in opposition. (Doc. 91). The Court heard oral argument from the parties on May 14, 2026. For the reasons that follow, the motion to sever is **DENIED**.

## I.    BACKGROUND

On November 20, 2024, Howard, Myers, and Sunquist were named as co-defendants in a 13-count indictment. According to the indictment, Howard and Myers were co-owners of Zoie LLC ("Zoie") and Zade Trucking ("Zade"). Sunquist was an employee hired to handle bookkeeping for the businesses.

The indictment alleges that, beginning in approximately April 2020, Howard and Myers conspired to defraud the United States and the Small Business Administration. They allegedly obtained a Paycheck Protection Program ("PPP") loan of approximately $1.426 million through false representations and then misused and diverted the loan

proceeds. Specifically, Howard and Myers are accused of participating in a scheme to secure and misuse the PPP funds and to conceal their use of those proceeds through various financial transactions and bankruptcy filings. The defendants allegedly prepared and executed the PPP loan application and related certifications, received the funds into accounts controlled by their companies, converted the proceeds into cashier's checks and other transfers, and later submitted requests for loan forgiveness while hiding how the money had actually been used. The indictment further claims that both Howard and Myers initiated bankruptcy proceedings while still in possession of PPP-derived funds and made false statements in those proceedings concerning their assets and bankruptcy status.

The charges are as follows: Counts 1 through 3 charge all three defendants with conspiracy to commit wire fraud (18 U.S.C. § 1349) and wire fraud (18 U.S.C. § 1343). Count 4 charges Howard and Myers with making a false statement (18 U.S.C. § 1001(a)(2)). Count 5 charges Myers with engaging in a monetary transaction involving funds derived from specified unlawful activity (18 U.S.C. § 1957). Counts 6 through 8 charge Myers with bankruptcy fraud under 18 U.S.C. § 152(3) (Counts 6 and 7) and § 152(2) (Count 8). Counts 9 and 10 charge Howard with bankruptcy fraud under 18 U.S.C. § 152(3) (Count 9) and § 152(2) (Count 10). Finally, Counts 11 through 13 charge Howard with willful failure to pay over Federal employee withholding taxes ("FICA" taxes) for three quarters in 2020. (26 U.S.C. § 7202).

Howard argues that a joint trial would create a serious risk of unfair prejudice. He contends that significant evidence relates exclusively or primarily to Myers's conduct,

conduct of which Howard claims he was unaware, such that neither limiting instructions nor redactions would adequately protect him. The Government opposes severance, asserting that the indictment describes a single, coordinated scheme centered on the same PPP loan, the same financial transactions, and the same set of records. Given the substantial overlap in the evidence against each defendant, the Government maintains that any potential prejudice can be addressed through standard trial safeguards and that the motion for separate trials should therefore be denied.

## II.    LEGAL STANDARD

The decision whether to grant a motion for severance rests within the sound discretion of the trial court and is reviewed only for abuse of discretion. *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002); *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000); *United States v. Edwards*, 36 F.3d 639, 647 (7th Cir. 1994).

Federal Rule of Criminal Procedure 8(b) authorizes charging more than one defendant in an indictment so long as the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). A "precise overlap in alleged misconduct" is not required. *United States v. Barton*, No. 1:19-CR-00733, 2021 WL 3800171 (N.D. Ill. Aug. 26, 2021). "Instead, Rule 8(b) is broader, allowing joinder of defendants if they 'participated' in the same '*series* of acts or transactions, constituting an offense or offenses.'" *Id.* FED. R. CRIM. P. 8(b).

However, Federal Rule of Criminal Procedure 14(a) provides, "If the joinder of...defendants in an indictment...or a consolidation for trial appears to prejudice

3

a defendant or the government, the court may...sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). Working together, "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' " *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (internal quotations omitted)).

"In conspiracy cases, 'there is a strong interest in trying defendants who have been jointly indicted in a single trial.'" *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002) (quoting *United States v. Blassingame,* 197 F.3d 271, 286 (7th Cir.1999)).  A single trial is preferred "because joint trials reduce the burdens on the judiciary, prosecutors, and witnesses, because of the extra expenses incurred in two trials, and because they reduce the chance that each defendant will attempt to create reasonable doubt by blaming an absent coconspirator." *Id.*

A defendant seeking severance bears the heavy burden of demonstrating actual prejudice; that is, that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). *See also Edwards,* 36 F.3d at 647 ("Actual prejudice means that the defendant could not have a fair trial without severance, not merely that a separate trial would offer him a better chance of acquittal.") (internal quotation marks omitted).

To prevail on a claim of prejudice based on disparities in the evidence or evidentiary spillover, a criminal defendant must rebut the presumptions that a jury will:

4

(1) capably sort through the evidence and (2) adhere to the Court's instructions to consider each defendant separately. *United States v. Edwards*, 36 F.3d 639, 647 (7th Cir. 1994); *United States v. Smith,* 995 F.2d 662, 671 (7th Cir.1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993) (citing *United States v. Doerr,* 886 F.2d 944, 972 (7th Cir.1989)).

Even where some risk of prejudice exists, courts presume that properly instructed juries will follow clear limiting instructions directing them to consider the evidence separately as to each defendant and each count, and to decide each defendant's guilt or innocence solely on the evidence admissible against him. *See United States v. Garvey*, 693 F.3d 722, 726 (7th Cir. 2012); *McClurge*, 311 F.3d at 873 (quoting *Zafiro,* 506 U.S. at 540–41).

### III.   ANALYSIS

Howard does not contend that he and Myers are improperly joined under Rule 8(b).[1] He argues that severance is required under Rule 14(a). The Court disagrees. Howard's motion rests on the assertion that certain allegations against Myers, such as his use of the conspiracy proceeds to acquire a home, his use of the conspiracy proceeds to obtain a $100,000 cashier's check, and his presentation of falsified expenses to a bank loan officer, do not involve Howard and that he had no knowledge of those transactions. The fact that a defendant was not aware of every step his co-conspirators took in furtherance

---

[1] Nor could he. The indictment charges Defendants with conspiring with each other to defraud the United States and the Small Business Administration by obtaining and misusing a PPP loan. Count 1 of the indictment, which charges all three defendants, details the alleged conspiracy, including allegations that Howard was aware of and participated in the overall scheme even though he did not participate personally in each step of the scheme. *See*, e.g., *United States v. Warner,* 498 F.3d 666, 699 (7th Cir. 2007) ("Rule 8(b) is satisfied when the defendants are charged with crimes that well up out of the same series of such acts, but they need not be the same crimes.") (internal quotation marks omitted).

5

of the conspiracy does not create the severe prejudice required for severance. The conduct Howard attributes solely to Myers concerns transactions involving the same funds generated by the charged money-laundering conspiracy. Evidence of those transactions is therefore relevant to proving the existence and scope of the conspiracy itself and how the funds were dispensed and is admissible against Howard. *See Warner*, 498 F.3d at 701 ("evidence of one participant's actions in furtherance of a scheme to defraud is admissible against the other participants in that scheme, just as it is in a conspiracy case."); *United States v. Adeniji*, 221 F.3d 1020, 1027 (7th Cir. 2000) ("evidence established a single scheme to defraud Motorola irrespective of whether or not Adediran and Allismith knew exactly what the other was doing.").

Further, defendants are not entitled to separate trials merely because the evidence against one is more substantial than the evidence against another, nor because a co-defendant faces additional allegations. *United States v. Goines*, 988 F.2d 750, 759 (7th Cir. 1993); *United States v. Morales*, 655 F.3d 608, 626 (7th Cir. 2011). The Seventh Circuit has rejected severance arguments in conspiracy cases even where the disparity in alleged involvement was greater than the disparity alleged here. *See* e.g., *United States v. Morales*, 655 F.3d 608, 625-26 (7th Cir. 2011). The risk of "spillover" prejudice that Howard points to is the type of ordinary disparity that routinely arises in multi-defendant conspiracy prosecutions and does not, by itself, justify severance.

Any risk of prejudice is cured by the standard limiting instructions the Court will give. The jury will be instructed on the elements of each offense, the requirement that the government prove Howard's knowing participation in the conspiracy, and the obligation

to give separate consideration to the evidence against each defendant. Such instructions have been held sufficient to cure potential prejudice arising from overlapping evidence in conspiracy cases. *See Goines,* 988 F.2d at 781; *McClurge,* 311 F.3d at 873; *Edwards,* 36 F.3d at 648.

Finally, the motion suggests the trial could trigger concerns under *Bruton v. United States*, 391 U.S. 123 (1968). Howard, however, does not identify any specific statement, and as noted by the Government, if such issues arise, they can be addressed through redaction and other trial management techniques. *See United States v. Hoover*, 246 F.3d 1054, 1060-61 (7th Cir. 2001).

## IV.    CONCLUSION

For these reasons, Defendant Dana Howard's motion to sever his case from that of his codefendant Richard Scott Myers pursuant to Federal Rule of Criminal Procedure 14(a) (Doc. 70) is **DENIED**.

**SO ORDERED.**

Dated: May 28, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.05.28 22:55:51 -05'00'

DAVID W. DUGAN
United States District Judge

7